United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-10120

ALLAN ZISHKA, Etc; ET AL,

                                        Plaintiffs,

GERALD R DAILEY, On behalf of themselves and all others similarly
situated; ROGER NORTON; PRISCILLA KNIGHT; DAVID W LEFFLER and FRED
E RYALS,

                                        Plaintiffs-Appellants,

                        versus

AMERICAN PAD & PAPER CO; ET AL,

                                        Defendants,

BAIN CAPITAL INC; BAIN VENTURE CAPITAL; GREGORY M BENSON; JONATHAN
S LAVINE; RUSSELL M GARD; MARC B WOLPOW; CHARLES G HANSON, III;
ROBERT C GAY and KEVIN W MCALEER,

                                        Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
(98-CV-1072)

Before HIGGINBOTHAM, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Plaintiffs-appellants appeal the dismissal with prejudice of

their federal securities fraud claims which were brought as a

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

putative class action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 of the SEC. Plaintiffs alleged that defendants made numerous false and misleading statements regarding the success of American Pad & Paper Company (Ampad) in order to deceive investors and maintain company stock prices. Specifically, plaintiffs alleged that defendants misrepresented the success of Ampad's strategy of acquiring other paper products companies and integrating them into Ampad to achieve efficiencies and higher profits; that defendants misrepresented the success of their pricing strategy to insulate profits from fluctuations in the price of raw materials (paper) by passing on the increased costs to customers; and, that defendants manipulated their Last In First Out (LIFO) accounting reserves to maintain false earnings statements. Plaintiffs alleged that these misstatements were made by defendants at numerous times in earnings reports, prospectus, SEC filings, and through analysts who relied on statements made to them by the defendants. Plaintiffs also alleged that Bain Capital Inc., Bain Venture Capital, as well as the directors of Ampad nominated by Bain - Wolpow, Gay, and Lavine - were liable as control persons pursuant to Section 20(a).

The defendants moved to dismiss, and the district court dismissed all claims with leave to amend, finding that the plaintiffs had failed to adequately allege scienter and had not pled with sufficient particularity to state a claim. Plaintiffs filed their First Amended Complaint, and the defendants again moved

2

to dismiss. The district court granted their motions in part, and denied them in part. On defendants' motion to reconsider following the publishing of this court's decision in *Nathenson v. Zonagen Inc.*,[1] the district court dismissed the remaining claims with prejudice. Plaintiffs timely appealed. We affirm, essentially for the reasons stated by the district court.

I

We review a district court's dismissal under Rule 12(b)(6) *de novo*.[2] In doing so, we accept the facts alleged in the complaint as true and construe the allegations in the light most favorable to the plaintiffs.[3] A Rule 12(b)(6) motion should be granted only if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief.[4] On the other hand, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent dismissal under Rule 12(b)(6).[5]

We find that appellants have failed to sufficiently plead the element of scienter with respect to the individual defendants,

---

[1] 267 F.3d 400 (5th Cir. 2001).

[2] *See Nathenson*, 267 F.3d at 406.

[3] *Id.*

[4] *See ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002).

[5] *Id.*

3

Benson, McAleer, Hanson, and Gard.[6] A "strong inference" of fraudulent intent is not supported by the alleged insider trading by Hanson and Gard. Insider trading "must be unusual to have meaningful probative value," and here the timing and amount of the trade is not unusual.[7] The plaintiffs' other allegations, for the most part, amount to nothing more than the unsupported assumption that because of their positions in the company, the defendants had knowledge that the company's statements were false or misleading. The defendants' positions within the company are not sufficient to presume knowledge of the company's difficulties and manipulation of the LIFO reserve.[8] While the appellants do not rely solely on the alleged insider trading and the defendants' position within the company, taking all of the allegations together, we find them insufficient to create a strong inference of scienter. We therefore affirm the dismissal of the claims against defendants Benson, McAleer, Hanson, and Gard.

We also affirm the dismissal of the claims against the Bain defendants - Bain Capital Inc., Bain Venture Capital, and defendants Wolpow, Gay, and Lavine - as there can be no control

---

[6] In order to state a claim under section 10(b) of the Securities and Exchange Act of 1934 and SEC Rule 10b-5, a plaintiff must allege, in connection with the purchase or sale of securities, (1) a misstatement or an omission (2) of material fact (3) made with scienter (4) on which plaintiff relied (5) that proximately caused the plaintiffs' injury. *See Nathenson*, 267 F.3d at 406-7.

[7] *Id.* at 420-21.

[8] *Id.* at 424.

person liability where the appellants have failed to plead the predicate securities fraud claims.[9]

                                II

For the reasons stated, we AFFIRM the district court's dismissal of all claims with prejudice.

---

[9] *See ABC Plaintiffs Group*, 291 F.3d at 362 n.123.